UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAKE JOSEPH SANDLAIN,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 14-cr-20283

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER: (1) STAYING HABEAS PETITION PENDING THE OUTCOME OF BECKLES V. UNITED STATES, (2) DENYING PETITIONER'S MOTIONS FOR COUNSEL, MODIFICATION OF THE RECORD, AND RECUSAL, AND (3) ADMINISTRATIVELY CLOSING THIS CASE UNTIL BECKLES V. UNITED STATES IS DECIDED**

**I. INTRODUCTION**

Blake Joseph Sandlain, an incarcerated person, plead guilty to two felonies and is currently serving his sentence in Leavenworth, Kansas. Mr. Sandlain has eight pending motions with the Court. Three motions involve Mr. Sandlain's habeas corpus claims. *See* Dkt. Nos. 87, 89, and 90. The other five motions involve appointment of counsel, modification of the record, and recusal. *See* Dkt. Nos. 94, 95, 96, 98, and 99. For the reasons that follow, the Court will **STAY** Mr. Sandlain's habeas motion pending the outcome of *Beckles*. The Court will **DENY** Mr. Sandlain's Motions for counsel, modification and recusal.

-1-

## II. FACTUAL BACKGROUND

On April 28, 2014, a federal grand jury indicted Blake Joseph Sandlain ("Petitioner" or "Mr. Sandlain") for: (1) being a felon in possession of a firearm; (2) possession with the intent to distribute a controlled substance; (3) maintaining drug-involved premises; and (4) use a firearm in furtherance of a drug trafficking crime. Dkt. No. 7. On September 9, 2014, this Court heard argument on Mr. Sandlain's Motion to Suppress Evidence. That hearing was adjourned, then continued on September 16, 2014. Dkt. No. 32.

On September 16, 2014, this Court denied Mr. Sandlain's Motion to Suppress. Dkt. No. 33. On January 8, 2015, Mr. Sandlain entered into a plea agreement, which the Court accepted. Dkt. No. 44. The Court sentenced Mr. Sandlain to 180 months imprisonment and supervised release for three years. Dkt. No. 73. Mr. Sandlain did not appeal.

On August 7, 2015, Mr. Sandlain moved to vacate his sentence pursuant to 28 U.S.C. § 2255. *See* Dkt. No. 55. This Court dismissed Mr. Sandlain's Section 2255 motion with prejudice and did not issue a certificate of appealability. Dkt. No. 72. On appeal, the Sixth Circuit denied Mr. Sandlain's application for a certificate of appealability and denied his motion to appoint counsel. Dkt. No. 80. In its opinion, the Sixth Circuit indicated that "Sandlain's classification as a career offender during

his sentencing proceedings might be affected by *Johnson v. United States*, 135 S. Ct. 2551 (2015)[.]" *Id.*

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, that defines "violent felony", is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2555, 2563. At the time of Mr. Sandlain's sentencing, Section 4B1.2(a)(2) of the Sentencing Guidelines contained identical language in its definition of a "crime of violence". Whether *Johnson* applies to the Sentencing Guideline and whether it will be retroactive will be decided by the Supreme Court soon. *See Beckles v. United States*, 136 S. Ct. 2510 (2016). Based on *Johnson* and *Beckles*, the Sixth Circuit authorized Mr. Sandlain to file a second habeas motion because Mr. Sandlain "may be entitled to relief from his career offender designation[.]" Dkt. No. 84.

There are currently eight motions pending before the Court: (1) Mr. Sandlain's Application to file a Second or Successive Motion to Vacate Sentence under 28 U.S.C. § 2255, Dkt. No. 87; (2) Mr. Sandlain's Second or Successive Motion to Vacate under 28 U.S.C. § 2255, Dkt. No. 89; (3) Mr. Sandlain's Motion to Object to the Government Stay, Dkt. No. 90; (4) Mr. Sandlain's Motion for Appointment of Counsel, Dkt. No. 94; (5) Mr. Sandlain's Motion for Correction or Modification of the Record, Dkt. No. 95; (6) Mr. Sandlain's Motion to Remove the *Beckles* Issue to Another Judge, Dkt. No. 96; (7) Mr. Sandlain's Motion to Request

Disposition of Appointment of Counsel, Dkt. No. 98; and (8) Mr. Sandlain's Motion to Request Disposition of Correction of the Record, Dkt. No. 99. The Court will discuss each.

### III. DISCUSSION

*1. Mr. Sandlain's Motion to Remove the Beckles Issue to Another Judge*

In a motion filed on February 2, 2017, Mr. Sandlain requests that the unresolved *Beckles* issue in this case "be removed from Judge Gershwin Drain" and be placed "before Chief Judge Rosen". Dkt. No. 96, pp. 1, 6 (Pg. ID 632, 637). Mr. Sandlain argues that the Court is personally biased against him.

This is at least the second time that Mr. Sandlain has argued that this Court is personally biased against him. *See* Dkt. No. 82, p. 6 (Pg. ID 552). Previously, Mr. Sandlain argued that the Court was biased against him because the Court denied Mr. Sandlain's initial Section 2255 Motion. The Court previously explained to Mr. Sandlain, "[r]eceing an adverse ruling does not mean the Court is personally biased against Mr. Sandlain." Dkt. No. 83, p. 2 (Pg. ID 570). That statement remains true today.

According to Mr. Sandlain, the Court's bias is evident in its September 16, 2014 order, which denied Defendants' Motion to Suppress. In that order, the Court recited the following facts:

> "In preparation for her routine parole home visit, Officer Lopez-Glazer testified that she reviewed her file of Sandlain.

-4-

> *As a part of this review Officer Lopez-Glazer consulted Sandlain's parole file, which contained Sandlain's Offender Tracking Information System ("OTIS") – Offender Profile, which indicated that Defendant Sandlain had given written consent to search his person and/or property.* Officer Lopez-Glazer testified that she typically receives these documents for her parolees.
> *While reviewing Defendant Sandlain's file, Officer Lopez-Glazer testified that she became aware of Defendant's criminal history and the fact that he was on parole for a drug distribution conviction, and had a prior drug abuse problem.* Officer Lopez-Glazer also testified that she became aware of Defendant Sandlain's prior felony convictions for firearms possession and escape from jail through violence."

Dkt. No. 33, p. 2 (Pg. ID 115) (emphasis added).

Mr. Sandlain argues that the Court is biased against him because the Court's account of the facts is inconsistent with Officer Lopez-Glazer's testimony during the Motion to Suppress. Mr. Sandlain is incorrect. The Court is not biased against him and the Court's recitation of the facts is consistent with Officer Lopez-Glazer's testimony. The following exchange took place during Officer Lopez-Glazer's cross examination:

> Q. Had you reviewed his parole, his entire parole file, his *supervision file* before you –
> A. No, I generally don't do that before conducting the random home visits
> Q. And you were not his *supervising* offer?
> A. Correct.
> Q. Okay. And so your function that day was simply to go through your list and complete random visits of parolees that were being *supervised*?
> A. Correct.

Dkt. No. 34, p. 19–20 (Pg. ID 138–39) (emphasis added).

According to Mr. Sandlain, "[Officer Lopez-Glazer] clearly testified that she never reviewed Movant [*sic*] parol [*sic*] file." Dkt. No. 96, p. 3 (Pg. ID 634). Mr. Sandlain, however, misreads the question that was asked. Officer Lopez-Glazer testified that she did not review Mr. Sandlain's *supervision* file. This context is evident because each of the follow-up questioned asked of Officer Lopez-Glazer involved Mr. Sandlain's supervision.

Further, Officer Lopez-Glazer's answer is consistent with her prior testimony that she was "unaware of any violations or his supervision in general." Dkt. No. 34, p. 18 (Pg. ID 137). Therefore, because the question and the context of the examination involved Mr. Sandlain's supervision, Officer Lopez-Glazer's testimony at the hearing is consistent with the facts in the Court's Order Denying Defendants' Motion to Suppress. Accordingly, Mr. Sandlain's argument of bias is baseless. Mr. Sandlain's Motion to Remove the *Beckles* Issue is **DENIED**.

*2. Mr. Sandlain's Motion for Correction or Modification of the Record*

According to Mr. Sandlain, the record does not accurately reflect his September 9 and September 16 hearings. Mr. Sandlain argues that there is a discussion regarding a consent to search form that is omitted from the official transcript.

The Federal Rules of Appellate Procedure state that:

> "If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
> **(A)** on stipulation of the parties;
> **(B)** by the district court before or after the record has been forwarded; or
> **(C)** by the court of appeals."

Fed. R. App. P. 10(e)(2).

"When a district court settles a dispute about what occurred in proceedings before it, the court's determination is conclusive unless intentionally false or plainly unreasonable, this [is] because ultimately the District Court has direct knowledge of what the parties stated in the case and of what the Court's own general procedures are." *United States v. Hernandez,* 227 F.3d 686, 695 (6th Cir. 2000) (internal citations and quotations omitted).

Here, over two years after the hearings, Mr. Sandlain asks the Court to change the Record to comport with his memory. The Court will do no such thing. The Court has analyzed the official Record from September 9 and September 16. An Official Court Reporter transcribed each hearing, then certified the transcript as true and correct. *See* Dkt. No. 35, p. 27 (Pg. ID 211); Dkt. No. 34, p. 65 (Pg. ID 184). Neither Party filed an objection to the Record immediately after the Record became available. Furthermore, the Record includes a discussion of a consent to search form, albeit different from how Mr. Sandlain remembers. In the hearing, Mr. Sandlain's attorney objected to a Michigan Department of Corrections (MDOC) printout from

the Offender Tracking Information System (OTIS). Mr. Sandlain's attorney argued, that the printout (marked as Exhibit 2) "is clearly hearsay and I believe the government is offering it as proof, or evidence of Mr. Sandlain's consent to search." Dkt. No. 34, p. 56, (Pg. ID 175). Despite that objection, this Court accepted the printout. *Id.*, p. 58 (Pg. ID 177) ("THE COURT: And I'm going to, I'll sustain objection to Exhibit 1, but I'm going to receive Exhibit 2, the MDOC printout."). Later, the Court adjourned the hearing, not to produce the consent to search form—as Mr. Sandlain argues—but until the Parties could make contact with a maintenance man involved in the search. *Id.*, p. 60 (Pg. ID 179). Accordingly, there is no showing of error in the Record. Mr. Sandlain's Motion to Correct/Modify the Record will be **DENIED**.

*3. Mr. Sandlain's Motion for Appointment of Counsel*

Next, Mr. Sandlain requests counsel because he is "indigent" and to "expedite the judicial function". Dkt. No. 94, p. 2 (Pg. ID 624). Despite those reasons, the Court will not appoint counsel at this time. It is important for Mr. Sandlain to understand that the scope of his second Section 2255 Motion is limited and narrow. "A claim presented in a second or successive habeas corpus application ... that was presented in a prior application," the statute says, "shall be dismissed." *In re Stansell*, 828 F.3d 412, 414–15 (6th Cir. 2016) (citing 28 U.S.C § 2244(b)(1)). Therefore, although the Sixth Circuit authorized a second habeas petition, Mr. Sandlain may

not re-litigate prior claims habeas claims that were previously presented. Instead, the Sixth Circuit granted a second habeas petition, only because Mr. Sandlain may be entitled to relief from his career offender designation. Mr. Sandlain's career offender designation is a matter of sentence calculation; it does not affect his underlying guilty plea or his ultimate conviction. Therefore, because prior habeas claims will be dismissed and because *Beckles* will impact only sentence calculation, appointment of counsel would not aid disposition of this matter. Accordingly, Mr. Sandlain's Motion to Appoint Counsel will be **DENIED**. *See* Dkt. No. 84, p. 2 (Pg. ID 575) (showing the Sixth Circuit similarly denying Mr. Sandlain's Motion to Appoint Counsel).

*4. Mr. Sandlain's Motion to Object to the Government Stay*

On July 18, 2016, Mr. Sandlain filed an objection to staying his case. Mr. Sandlain filed his objection incorrectly, in the form of a motion. Mr. Sandlain originally filed this motion with the Sixth Circuit. In December 2016, the Sixth Circuit transferred it to this Court.

According to Mr. Sandlain, "[t]here is no escaping the logic [*sic*] conclusion that the court itself has made *Johnson* categorically retroactive to cases on collateral review." Dkt. No. 91, p. 2 (Pg. ID 595). Despite Mr. Sandlain's certainty, the Court will wait for that conclusion to be handed down by the Supreme Court. Mr. Sandlain's Motion to Object to the Government Stay is **DENIED**.

*5. Sandlain's Second or Successive Motion to Vacate Sentence under 28 U.S.C. § 2255*

Over the objection of Mr. Sandlain and pending the outcome of *Beckles*, the Court will **STAY** Mr. Sandlain's second Section 2255 Motion.

*6. Mr. Sandlain's Application to file a Second or Successive Motion to Vacate Sentence under 28 U.S.C. § 2255*

On November 29, 2016, the Sixth Circuit granted Mr. Sandlain's application to file a second or successive habeas petition. *See* Dkt. No. 84. Accordingly, this Motion will be docketed as **GRANTED** by the Sixth Circuit.

*7. Mr. Sandlain's Motion to Request Disposition of Appointment of Counsel and Mr. Sandlain's Motion to Request Disposition of Correction of the Record.*

On February 9, 2017, Mr. Sandlain filed two additional motions, requesting the Court to notify Mr. Sandlain whether some of his previous six motions will be granted or denied. Dkt. Nos. 98, 99. Based on this Order, these two motions will be **TERMINATED** as moot.

## IV. CONCLUSION

For the foregoing reasons:

- Mr. Sandlain's Application for Leave to File Second or Successive Habeas Petition, Dkt. No. 87, was **GRANTED** by the Sixth Circuit;

- Mr. Sandlain's Motion to Proceed with 2255 Second and Successive, Dkt. No. 89, is **STAYED**;

- Mr. Sandlain's Motion to Object to the Government Stay, Dkt. No. 90, is **DENIED**;

- Mr. Sandlain's Motion for Appointment of Counsel, Dkt. No. 94, is **DENIED**;

- Mr. Sandlain's Motion for Correction or Modification of the Record, Dkt. No. 95, is **DENIED**; and

- Mr. Sandlain's Motion to Remove the Beckles Issue to Another Judge, Dkt. No. 96, is **DENIED**.

- Mr. Sandlain's Motion to Request Disposition of Appointment of Counsel, Dkt. No. 98, is **TERMINATED** as moot.

- Mr. Sandlain's Motion to Request Disposition of Correction of the Record, Dkt. No. 99, is **TERMINATED** as moot.

In addition the Court's ruling on Mr. Sandlain's eight pending motions, the Court instructs the Clerk of Court to administratively close this case until *Beckles* is decided. Once *Beckles* comes down, the Court will reopen this matter.

**SO ORDERED.**

Dated: February 8, 2017

Detroit, MI

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 8, 2017, by electronic and/or ordinary mail.

/s/Tanya Bankston
Case Manager, (313) 234-5213