UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAKE JOSEPH SANDLAIN,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 14-cr-20283

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

<u>**OPINION AND ORDER: (1) DENYING PETITIONER'S SECOND OR SUCCESSIVE HABEAS PETITION [89]; (2) DENYING PETITIONER'S MOTION TO SUPPLEMENT [102]; (3) DENYING PETITIONER'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B)(3) [103]; (4) DENYING PETITIONER'S MOTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B)(5) [104, 105]; AND (5) GRANTING PETITIONER'S MOTION TO STRIKE DOCKET ENTRY 106 [107]**</u>

**I. INTRODUCTION**

Blake Joseph Sandlain, an incarcerated person proceeding *pro se*, plead guilty to two felonies and is currently serving his sentence in Leavenworth, Kansas. Pending before the Court is Sandlain's second or successive habeas petition, which was held in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 866 (2017). On March 6, 2017, the Supreme Court decided *Beckles*. Since then, Mr. Sandlain has filed six motions: a Motion to Supplement, which the Court construes as a motion to amend his second or successive habeas petition, and

-1-

five motions involving Federal Rules of Civil Procedure 60(b)(3) and 60(b)(5). For the following reasons, the Court will deny Mr. Sandlain's second or successive habeas petition, deny Mr. Sandlain's Motion to Supplement, and deny Mr. Sandlain's claims under Federal Rule of Civil Procedure 60.

## II. FACTUAL BACKGROUND

On April 28, 2014, a federal grand jury indicted Blake Joseph Sandlain ("Petitioner" or "Mr. Sandlain") for: (1) being a felon in possession of a firearm; (2) possession with the intent to distribute a controlled substance; (3) maintaining drug-involved premises; and (4) using a firearm in furtherance of a drug trafficking crime. Dkt. No. 7. On January 8, 2015, Mr. Sandlain entered into a plea agreement, which the Court accepted. Dkt. No. 44. The Court sentenced Mr. Sandlain to 180 months imprisonment and supervised release for three years. Dkt. No. 73. Mr. Sandlain did not appeal.

On August 7, 2015, Mr. Sandlain moved to vacate his sentence pursuant to 28 U.S.C. § 2255. *See* Dkt. No. 55. This Court dismissed Mr. Sandlain's Section 2255 motion with prejudice and did not issue a certificate of appealability. Dkt. No. 72. On appeal, the Sixth Circuit denied Mr. Sandlain's application for a certificate of appealability and denied his motion to appoint counsel. Dkt. No. 80. In its opinion, the Sixth Circuit indicated that "Sandlain's classification as a career offender during his sentencing proceedings might be affected by *Johnson v. United States*, 135 S. Ct.

2551 (2015)[.]" *Id.* On June 22, 2016, Mr. Sandlain filed an Application for Leave to File a Second of Successive habeas petition. Dkt. No. 87. Based on *Johnson*, the Sixth Circuit authorized Mr. Sandlain to file a second habeas motion because Mr. Sandlain "may be entitled to relief from his career offender designation[.]" Dkt. No. 84.

### III. DISCUSSION

*A. Johnson, Beckles and Mr. Sandlain's Second or Successive Habeas Petition*

Mr. Sandlain's Application for Leave to File a Second or Successive § 2255 Motion contained only one ground on which he claimed that he was being held unlawfully: his classification as a career offender. Dkt. No. 87, p. 5 (Pg. ID 580). In support of his application, Mr. Sandlain acknowledged that his renewed § 2255 Motion relied on *Johnson*. *Id.* Mr. Sandlain argues that, in light of *Johnson*, his classification as a career offender was unconstitutional. *Id.* Therefore, Mr. Sandlain moves the Court to grant his renewed § 2255 motion and conduct resentencing.

The Supreme Court's opinion in *Beckles*, however, forbids Mr. Sandlain's desired result. Mr. Sandlain was sentenced in 2015. At that time, the Sentencing Guidelines which were in effect, provided that, "[a] defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a *crime of violence* or a

controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a *crime of violence* or a controlled substance offense.

U.S.S.G. § 4B1.1(a), dated November 1, 2014 (emphasis added).

The Guidelines define "crime of violence" as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a), dated November 1, 2014 (emphasis added). The clause beginning with "or otherwise" in the § 4B1.2(a) definition above is the residual clause. Mr. Sandlain was sentenced as a career offender based in part on the residual clause in the Sentencing Guidelines.

There is an identical residual clause in the Armed Career Criminal Act ("ACCA"). *Johnson* held that the residual clause in the ACCA was unconstitutionally vague in the way it fixed a higher range of sentences for certain defendants. *See Johnson*, 135 S. Ct. at 2555, 2563. As of result of *Johnson*, defendants sentenced under the now-void residual clause in the ACCA have been granted resentencing. However, despite the identical language, the Supreme Court in *Beckles* rejected adopting *Johnson*'s reasoning to the Sentencing Guidelines. The Supreme Court distinguished the ACCA from the Guidelines:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Mr. Sandlain was sentenced pursuant to the Sentencing Guidelines, not pursuant to the ACCA. Therefore, because *Johnson* does not apply to the Sentencing Guidelines, Mr. Sandlain's reliance on *Johnson* (and implicitly *Beckles*) is misplaced. Accordingly, Mr. Sandlain's renewed § 2255 motion must be denied.

### B. Mr. Sandlain's Motion to Supplement

Mr. Sandlain filed a "Supplement Motion to Second and Successive Held in Abeyance in this Court Docket Entry # 22." Dkt. No. 102. The Court construes Mr. Sandlain's Motion to Supplement as a motion to amend his § 2255 petition. This Court received the motion on March 10, 2017, but Mr. Sandlain dated the motion March 4, 2017—three days before the *Beckles* decision was released. It seems that Mr. Sandlain assumed *Beckles* would relieve him of his career offender designation. In anticipation of *Beckles* being decided in his favor, Mr. Sandlain requests the Court to re-calculate his criminal history category. Specifically, Mr. Sandlain argues that his presentence investigation report erroneous calculates his criminal history points. Dkt. No. 102, p. 2 (Pg. ID 671).

Nevertheless, this motion must be denied. This motion is futile because it proceeds on an incorrect assumption. Mr. Sandlain's reliance on *Beckles* was both premature and misplaced. *Beckles* did not invalidate Mr. Sandlain's career offender designation, as Mr. Sandlain had hoped. Instead, Mr. Sandlain's career criminal designation remains valid. Pursuant to Mr. Sandlain's designation as a career offender, the Guidelines assessed him at Criminal History Category VI. *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). Therefore, even if the Court allowed Mr. Sandlain to amend his petition, recalculation of his criminal history points would not change his Criminal History Category.

*C. Mr. Sandlain's Motions Involving Federal Rule of Civil Procedure 60*

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) *fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;*
> (4) the judgment is void;
> (5) *the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable*; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b) (emphasis added).

*1. Mr. Sandlain's Motion under Rule 60(b)(3)*

On November 9, 2015 Mr. Sandlain filed an application for a certificate of appealability ("COA") with the Sixth Circuit. Dkt. No. 76. On July 8, 2016, the Sixth Circuit issued a six-page order denying Mr. Sandlain's application. Dkt. No. 80. The Sixth Circuit's order is signed by Deborah H. Hunt, Clerk of the Sixth Circuit Court of Appeals. *Id.* Mr. Sandlain argues that Deborah Hunt committed "fraud by signing and denying the motion for certificate of appealability[.]" Dkt. No. 103, p. 3 (Pg. ID 684). According to Mr. Sandlain, Deborah Hunt's signature exceeds the scope of her authority which requires "his judgment to be set aside for fraud on the court[.]" *Id.*, p. 5 (Pg. ID 686).

"This Court, as an inferior court, is plainly subject to the review of the Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 1291. As such, by its very nature, this Court has no authority to reconsider the judgment of an appellate court. Restated, the very essence of the relationship between this Court and the Court of Appeals for the Sixth Circuit precludes this Court from altering any decision made by the Court of Appeals." *Hargrave-Thomas v. Yukins*, 450 F. Supp. 2d 711, 720 (E.D. Mich. 2006) (Gadola, J.); *see also White v. Carter*, 27 F. App'x 312, 313–14 (6th Cir. 2001) (district court lacks authority to reinstate habeas petitioner's second or successive habeas petition after appellate court declines to grant leave to file such

a petition). Mr. Sandlain's Rule 60(b)(3) motion must be denied because this Court does not have the authority to overturn a decision rendered by the Sixth Circuit.

2. *Mr. Sandlain's Motions under Rule 60(b)(5)*

Mr. Sandlain filed two motions seeking relief pursuant to Rule 60(b)(5). On April 7, 2017 Mr. Sandlain moved to withdraw those two motions. Dkt. No. 106. Three days later, Mr. Sandlain moved to strike his own withdrawal of his motions. Dkt. No. 107. The Court grants Mr. Sandlain's Motion to strike his own withdrawal of his motion and will analyze his Rule 60(B)(5) claims.

Mr. Sandlain argues that his judgment should be set aside because it is "prospectively no longer equitable." Dkt. No. 104, p. 1 (Pg. ID 702). Mr. Sandlain attacks his career criminal designation with *Mathis v. United States*, 136 S. Ct. 2243 (2016) (holding that a prior conviction does not qualify as a generic form of a predicate violent felony for purposes of the ACCA if an element of the crime of conviction is broader than an element of the generic offense) and argues, for the first time, that his prior drug trafficking offense cannot be used to enhance his status as a career offender. Without reaching the merits of *Mathis*, Mr. Sandlain's motions pursuant to Rule 60(b)(5) are dismissed.

Mr. Sandlain's motions under Rule 60(b)(5) are both improper and untimely. Rule 60(b) motions "may not be used as vehicles to circumvent the limitations that Congress has placed upon the presentation of claims in a second or successive

application for habeas relief." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016). "When a 60(b) motion attacks the merits of a conviction or sentence, or if it attacks the federal court's previous resolution of a claim on the merits, it should be construed as a habeas petition." *United States v. Carter*, 500 F.3d 486, 489 (6th Cir. 2007).

Applying these rules to Mr. Sandlain's Rule 60(b)(5) motions, it is clear that Mr. Sandlain is attempting to attack the federal basis of his sentence. The general thrust of Mr. Sandlain's Rule 60(b)(5) motions is that his career offender enhancement should be set aside because at least one of his prior convictions should not count as a predicate offense. In other words, Mr. Sandlain's Rule 60(b)(5) motions seek the same relief as his second or successive habeas petition—relief from his status as a career offender, albeit through a different path. Nevertheless, the Sixth Circuit has held that "a prisoner seeking relief under Rule 60(b) brings a second or successive habeas application when he seeks to present new evidence in support of a claim already litigated." *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (internal quotations omitted). Therefore, Mr. Sandlain's claims under Rule 60(b)(5) are in effect a second or successive habeas petition.

Although the Sixth Circuit granted Mr. Sandlain leave to file a second or successive habeas petition, the claims Mr. Sandlain now brings in his Rule 60(b)(5) motion were not included that original petition. Because Mr. Sandlain's Rule

60(b)(5) claims, which the Court construes as a second or successive habeas petition, are beyond the scope of prior authorization from the Sixth Circuit, this Court lacks jurisdiction over the claims. *See Franklin v. Jenkins*, 839 F.3d 465, 473–74 (6th Cir. 2016) ("But as we have held, a prisoner seeking relief under Rule 60(b) brings a second or successive habeas application when he seeks to present new evidence in support of a claim already litigated. Because [the petitioner's] Rule 60(b) motion does just that, the district court lacked jurisdiction to consider the new iteration of his ineffective-assistance claim without prior authorization from this court.") (internal citations and quotations omitted). Therefore, Mr. Sandlain's Rule 60(b)(5) motions must be dismissed for lack of jurisdiction.

Even if this Court somehow had jurisdiction over Mr. Sandlain's Rule 60(b)(5) claims, they would nevertheless be barred as untimely.

A 1-year period of limitation applies to § 2255 motions. The limitation period begins to run from the latest of:

> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

First, Mr. Sandlain's judgment became final on May 21, 2015, however Mr. Sandlain did not file his Rule 60(B)(5) motions until March 2017. Therefore, Mr. Sandlain's claim is not timely under § 2255(f)(1).

Second, there is no alleged impediment by the Government, therefore, § 2255(f)(2) does not apply.

Third, Mr. Sandlain could argue that his new claims are timely pursuant to § 2255(f)(3) because *Mathis* was decided in June of 2016 and recognized a new right made retroactively applicable on collateral review. However, that argument would be without merit. "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). "It is admittedly often difficult to determine when a case announces a new rule[.]" *Id*. However, in this case, the language in *Mathis* seems to contradict any argument that *Mathis* announces a new rule. The *Mathis* Court states:

> Our precedents make this a straightforward case. *For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements*. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. *And that rule does not change* when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

*Mathis v. United States*, 136 S. Ct. 2243, 2257, 195 L. Ed. 2d 604 (2016) (emphasis added).

Justice Kagan, writing the majority opinion, explains that the rule articulated in *Mathis* is not new at all, but rather dictated by decades of prior precedent. Therefore, it seems that *Mathis* did not announce any new rule. Several courts have come to this same conclusion. *See United States v. Snow*, No. 13-CR-20766, 2017 WL 1434307, at *2 (E.D. Mich. Apr. 24, 2017) (Luddington, J.) ("Through this language, the Supreme Court explained that it was *not* recognizing any new right."); *Dawkins v. United States,* 829 F.3d 549, 551 (7th Cir. 2016). "*Mathis* did not announce such a rule."); *United States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) ("*Mathis* did not announce a new rule."); *Blackwell v. United States*, No. 4:10-CR-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("[T]he Supreme Court torpedoed the argument that *Mathis* treads new ground. By the Court's own admission, *Mathis* does not set a new rule."). Any argument that *Mathis* announced a new rule is thus at odds with the express language in the *Mathis* opinion.

In addition to *Mathis*, Mr. Sandlain also relies on the Fifth Circuit's decision in *United States v. Hinkle*. However, that case does not compel a different conclusion. *Hinkle* involves a defendant who was convicted on a guilty plea of

possession with the intent to distribute cocaine. *United States v. Hinkle*, 832 F.3d 569, 571 (5th Cir. 2016). Hinkle was sentenced as a career offender. *Id*.

On appeal, Hinkle argued that based on *Mathis*, his prior convictions cannot constitute predicate offenses under the career-offender Guidelines. *Id*. The Fifth Circuit agreed, vacated Hinke's sentence and remanded the case for resentencing. *Id*. at 577. Mr. Sandlain's reliance on *Hinkle* is misplaced for two reasons. First, Hinkle appealed his conviction on direct appeal, not via habeas petition. Therefore, the limitations articulated in 28 U.S.C. § 2255(f) did not apply to Mr. Hinkle. In this case, Mr. Sandlain's vehicle for relief is a Rule 60 motion, which the Court construes as a second or successive habeas petition. Therefore, Mr. Sandlain must abide by the limitations in § 2255. Second, *Hinkle* cannot satisfy § 2255(f)(3). To satisfy § 2255(f)(3) the new right must be recognized by the *Supreme Court*. *Hinkle* was decided by Fifth Circuit. Even if the Fifth Circuit ruled (which it is has not) that *Mathis* announced a new rule, that is nevertheless insufficient to meet § 2255(f)(3). Therefore, neither *Mathis* nor *Hinkle* help Mr. Sandlain meet the statute of limitations.

Fourth, there are no new facts in this matters, only reemphasized and restated interpretations of decades-old law. Therefore, § 2255(f)(4) does not apply.

Even if the Court somehow did have jurisdiction over Mr. Sandlain's *Mathis* claims, Mr. Sandlain fails to meet any of the time limitations required under §

2255(f). Mr. Sandlain's *Mathis* claims, brought pursuant to 60(b)(5), are dismissed.

## IV. CONCLUSION

For the foregoing reasons:

- Mr. Sandlain's Motion to Supplement, Dkt. No. 102, is **DENIED**.

- Mr. Sandlain's Motion Pursuant to Rule 60(b)(3), Dkt. No. 103, is **DENIED**.

- Mr. Sandlain's Motion under Rule 60(b)(5), Dkt. No. 104, is **DISMISSED**.

- Mr. Sandlain's Supplemental Rule 60(b)(5) Motion, Dkt. No. 105, is **DISMISSED**.

- Mr. Sandlain's Motion to Withdraw, Dkt. No. 106, is **STRICKEN**.

- Mr. Sandlain's Motion To Strike his Motion to Withdraw, Dkt. No. 107, is **GRANTED**.

- Mr. Sandlain's Second or Successive Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, Dkt. No. 89, is **DENIED and DISMISSED WITH PREJUDICE**;

Before Mr. Sandlain may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of

the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

The Sixth Circuit has not yet issued any published opinion addressing the timeliness of a petitioner's collateral attack relying on *Mathis*. Accordingly, the Court concludes that a certificate of appealability is warranted in this case. *See United States v. Turner*, No. 08-CR-20228, 2017 WL 1434306, at *3 (E.D. Mich. Apr. 24, 2017).

**SO ORDERED.**

Dated: May 11, 2017

Detroit, MI

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 11, 2017, by electronic and/or ordinary mail.

/s/Tanya Bankston
Case Manager, (313) 234-5213