UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAKE JOESPH SANDLAIN,

        Petitioner,

v.

        Case No.: 14-cr-20283
        Honorable Gershwin A. Drain

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

On January 8, 2015, Petitioner entered a guilty plea for being a felon in possession of a firearm contrary to 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), and for possessing, with intent to distribute, a controlled substance—at least 100 grams of heroin—in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). On May 21, 2015, the Court entered judgment against Petitioner sentencing him to a total of 180 months imprisonment.

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 was denied by the Court on October 20, 2015. The Court declined to issue a Certificate of Appealabilty. On appeal, the Sixth Circuit Court of Appeals likewise declined to issue a Certificate of Appealability, but indicated in its Order that Petitioner's career offender designation may be implicated by *Johnson v.*

*United States*, 135 S. Ct. 2551 (2015). Thus, the Court of Appeals further indicated that Petitioner would be required to move for a Certificate of Appealability in that Court to pursue a *Johnson* claim. Thereafter, Petitioner moved for leave to file a second or successive habeas petition seeking to raise a *Johnson* claim. The Sixth Circuit Court of Appeals granted his request to file a second or successive habeas petition raising a *Johnson* claim.

On May 12, 2017, this Court issued an Order denying Petitioner's second or successive habeas claim finding that *Johnson* was inapplicable to Petitioner's career offender status pursuant to the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 866 (2017). Dkt. No. 108. The Court's May 12, 2017 Order also denied several motions filed pursuant to Rule 60(b). *Id*. The Court also declined to issue a Certificate of Appealability. *Id*.

Thereafter, Petitioner filed a Rule 60(b)(6) motion. On June 30, 2017, the Court denied this motion determining that Petitioner was merely rehashing old arguments previously raised and rejected by this Court concerning Petitioner's request that this Court change a decision made by the Sixth Circuit. *See* Dkt. No. 113. The Court's June 30, 2017 Order also advised Petitioner that it would consider enjoining him from filing further motions without first obtaining leave of Court if he continued to pursue arguments that had already been raised, reviewed and rejected by the Court. *Id*.

In October of 2017, Petitioner filed yet another Rule 60(b)(6) motion reasserting his previous arguments. He also filed a motion for the appointment of counsel. On February 7, 2018, the Court denied Petitioner's Rule 60(b)(6) motion and his request for the appointment of counsel. *See* Dkt. No. 118. The Court's February 7, 2018 Order also enjoined Petitioner from filing additional motions without first obtaining leave of Court because Petitioner had failed to heed this Court's prior warning concerning his repetitious and unmeritorious motion practice. *Id*.

Petitioner filed a Notice of Appeal appealing this Court's February 7, 2018 Order on March 7, 2018. As such, this Court must determine whether a Certificate of Appealability should be issued. For the reasons articulated above, the Court declines to issue Petitioner a Certificate of Appealability with respect to its February 7, 2018 Order because jurists of reason could not disagree with the Court's ruling. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, a Certificate of Appealability is DENIED.

SO ORDERED.

Dated: May 7, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 7, 2018, by electronic and/or ordinary mail.
<u>/s/ Tanya Bankston</u>
Deputy Clerk