UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAKE JOSEPH SANDLAIN,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.
_____/

Case No. 14-cv-20283

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO FILE MOTION UNDER RULE 60(B)(4) [#129] AND MOTION TO APPOINT COUNSEL [#128]**

**I. INTRODUCTION**

On January 8, 2015, Petitioner Blake Joseph Sandlain pleaded guilty to two felonies under 18 U.S.C. § 922(g) and 21 U.S.C. § 841(a). Dkt. No. 44. On August 7, 2015, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. Dkt. No. 55. The Court denied that Motion on October 20, 2015. Dkt. No. 72.

Since then, Petitioner, proceeding *pro se*, has filed several motions for relief under Federal Rule of Civil Procedure 60(b), all of which have been unsuccessful. *See e.g.*, Dkt. No. 103; Dkt. No. 104; Dkt. No. 112; Dkt. No. 115. Notably, on October 13, 2017, Petitioner filed a Motion under Rule 60(b)(6), arguing the

-1-

Court's October 20, 2015 Order improperly relied on "dicta" from *Samson v. California*, 547 U.S. 843 (2006). Dkt. No. 115. The Court denied Petitioner's Rule 60(b)(6) Motion on February 7, 2018, finding it lacked merit. Dkt. No. 118. In addition, on February 15, 2018, the Court entered an Order Enjoining Petitioner from Filing Motions Without First Obtaining Leave of Court. Dkt. No. 119.

Present before the Court is Petitioner's Motion for Leave to File Motion Under Rule 60(b)(4) [#129] and Motion to Appoint Counsel [#128]. Both Motions [#128, 129] were filed on September 24, 2018. For the reasons stated below, the Court will DENY Petitioner's Motions [#128, 129].

## II. DISCUSSION

Petitioner again argues the Court's October 20, 2015 Order -- which denied his Motion to Vacate Sentence under 28 U.S.C. § 2255 -- improperly relied on "dicta." *See* Dkt. No. 129. But now, Petitioner asserts this makes the Court's ruling void under Rule 60(b)(4). *See id.*

Rule 60(b)(4) provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void." Fed. R. Civ. P. 60(b)(4). However, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Martinez v. United States*, 2018 WL 1401817, at

*3 (6th Cir. Feb. 26, 2018) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010)). Indeed, "A judgment is not void . . . simply because it is or may have been erroneous." *Espinosa*, 559 U.S. at 270 (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (C.A. 1 1995).

Here, Petitioner challenges this Court's October 20, 2015 Order solely claiming the Court improperly relied on "dicta." *See* Dkt. No. 129. Petitioner neither asserts the Court lacked jurisdiction over his claims nor asserts the Court deprived him of an opportunity to be heard. *See Martinez*, 2018 WL 1401817, at *3. Therefore, the Court finds no good cause to grant Petitioner leave to file a motion under Rule 60(b)(4).

### III. CONCLUSION

For the reasons stated herein, the Court will DENY Petitioner's Motion for Leave to File Motion Under Rule 60(b)(4) [#129]. Consequently, the Court will also Deny Petitioner's Motion to Appoint Counsel [#128].

IT IS SO ORDERED.

Dated: October 1, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 1, 2018, by electronic and/or ordinary mail.

<pre>
                              s/Teresa McGovern
                              Case Manager Generalist
</pre>