UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAKE JOSEPH SANDLAIN,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 14-cv-20283

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR THE PRODUCTION OF SENTENCING TRANSCRIPTS [#140]**

On January 8, 2015, Petitioner Blake Joseph Sandlain plead guilty to two felonies under 18 U.S.C. § 922(g) and 21 U.S.C. § 841(a). ECF No. 44. On August 7, 2015, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. ECF No. 55. The Court denied that Motion on October 20, 2015. ECF No. 72.

Presently before the Court is Petitioner's Motion for the Production of Sentencing Transcripts, filed on September 23, 2019. ECF No. 140. Petitioner requests his sentencing transcripts to review whether this Court addressed his objections to the inclusion of two predicate offenses. *Id.*

Title 28 U.S.C. § 753(f) governs the production of transcripts free of charge in Section 2255 proceedings, which states in relevant part:

1

> Fees for transcripts furnished in proceedings brought under section 2255 of this title [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose *if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.* Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753(f) (emphasis added). A petitioner must make a particularized showing as to the substantial question presented and the need for a transcript to address that issue. *See United States v. MacCollom*, 426 U.S. 317, 326 (1976). A "substantial question" has been defined as: "a close question or one that could go either way;" the "question is so integral to the merits;" "it is more probable than not that reversal will be required;" or that the question is "novel ... and has not been decided by controlling precedent or is fairly doubtful." *Carter v. Ricumstrict*, No. 07-1331, 2013 WL 3242957, at *1 (E.D. Mich. June 26, 2013) (citing *United States v. Parkes*, 2009 WL 5205370 *3 (E.D. Tenn. 2009) (internal quotations and citations omitted)).

Petitioner raised this predicate offense issue in a previous letter to the Court on August 30, 2019 entitled "Nunc Pro Tunc Motion to Correct P.S.I." *See* EFC No. 138, PageID.821. The Court's review of the sentencing record in response to the letter confirmed that the predicate offense objection was already considered and

rejected. *Id*. at PageID.822. There is therefore no substantial question raised by Petitioner in his present motion as required by 28 U.S.C. § 753(f).

Petitioner is not entitled to a sentencing transcript to be paid by the Government under 28 U.S.C. § 753(f). Petitioner may instead request the transcript from the court reporter and make payment arrangements in accordance with Local Rule 80.1. E.D. Mich. L.R. 80.1.

Accordingly, Petitioner's Motion for Production of Sentencing Transcripts [#140] is DENIED.

**IT IS SO ORDERED.**

Dated: October 15, 2019

s/Gershwin A. Drain
Hon. Gershwin A. Drain
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 15, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager