UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Respondent,

v.

          Case No.: 14-cr-20283
          Honorable Gershwin A. Drain

BLAKE JOSEPH SANDLAIN,

          Petitioner.
_____/

**<u>ORDER GRANTING LEAVE OF THE COURT TO FILE MOTION FOR SENTENCE REDUCTION [#268], DENYING MOTION FOR SENTENCE REDUCTION IN LIGHT OF AMENDMENT 814 [#269] AND FINDING MOTION REQUESTING STATUS UPDATE ON PENDING MOTION FOR LEAVE OF COURT [#271] MOOT</u>**

## I.    <u>INTRODUCTION</u>

Defendant Blake Sandlain seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), Amendment 814, arguing his sentence should be reduced for "extraordinary and compelling" reasons, including a change in the law pertaining to his sentence, an alleged "unusually long sentence," a lack of treatment for his mental health condition and his rehabilitative efforts. None of Defendant's reasons warrant relief, and even if they did, the sentencing factors enumerated in 18 U.S.C. § 3553(a) weigh against a reduction in Defendant's sentence.

## II.     FACTUAL BACKGROUND

Mr. Sandlain is a drug trafficker, who sold heroin and marijuana in the Detroit area. After police entered his apartment on April 28, 2014, on a routine parole visit, Defendant jumped from a bedroom window and fled, leaving behind his stash of heroin, marijuana, at least two firearms and his wallet. Less than two weeks later, he was arrested in Charlotte, West Virginia, after he was found hiding in a closet in an apartment which was being investigated for drug trafficking activities. Mr. Sandlain was returned to Michigan and indicted on charges of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1); Possession with Intent to Distribute a Controlled Substance, at Least 100 Grams of Heroin, in violation of 21 U.S.C. § 841(a)(1) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A).

Defendant pleaded guilty pursuant to a Rule 11 Plea Agreement to being a felon in possession of firearm and possession with intent to distribute a controlled substance, heroin. On May 7, 2015, this Court sentenced Mr. Sandlain to 120 months on the firearm charge and 180 months on the drug trafficking charge to run concurrently, for a total sentence of 180 months. Mr. Sandlain began serving his sentence on June 24, 2015.

After his conviction, Mr. Sandlain filed numerous motions with this Court, which resulted in the Court entering an Order enjoining him from filing further motions without seeking leave of the court. Defendant first began seeking a sentence reduction in September of 2020, which the Court denied. He filed numerous other motions seeking a reduction in sentence and compassionate release, based on sentencing amendments, among other reasons, which have all been denied by this Court.

### III. LAW & ANALYIS

Defendant argues that an unusually long sentence and a lack of mental health treatment are "extraordinary and compelling" reasons for compassionate release. He further asserts that his rehabilitation should be considered as a reason for early release. Because none of these reasons qualify as "extraordinary and compelling" reasons for a reduction in sentence, Defendant is not entitled to the relief he seeks. However, even if Defendant could offer an "extraordinary and compelling" reason to justify his release, his motion is still due to be denied because Defendant has not served at least 10 years of the imposed sentence. Additionally, the sentencing factors strongly weigh against his release.

A district court's authority to modify a defendant's sentence is "narrowly circumscribed." *United States v. Houston*, 529 F.3d 743, 753 n.2 (6th Cir. 2008).

Absent a specific statutory exception, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Compassionate release under 18 U.S.C. § 3582(c)(1)(A) is one of those statutory exceptions. To be eligible for compassionate release, an inmate must first exhaust administrative remedies. According to an exhibit filed by Mr. Sandlain, he requested compassionate release from prison officials in November of 2023, which was denied by the Warden. Mr. Sandlain has therefore exhausted his administrative remedies.

Next, an inmate must show "extraordinary and compelling" reasons for release. The Defendant must further demonstrate that the § 3553(a) sentencing factors support release. Finally, a district court can only release a person if doing so is consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F. 4th 747, 749 (6th Cir. 2021). The Defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). If Defendant cannot meet his burden as to one requirement, his motion must be denied and the Court need not consider any other requirement. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (a district court may deny compassionate release when any of the three substantive requirements is lacking and need not address the others).

Here, Mr. Sandlain cannot clear the first hurdle of the compassionate release statute because he has not demonstrated an "extraordinary and compelling" reason for his release. Much of Mr. Sandlain's motion argues that the amendments to the First Step Act are an "extraordinary and compelling" reason for his release because he is serving an unusually long sentence.

On December 21, 2018, the First Step Act was signed into law. Pub. L. No. 115-391. Section 401 of the Act made changes to the sentencing enhancements for certain drug-related crimes. But section 401(c) of the Act specifically states that these changes in law cannot be applied retroactively. Mr. Sandlain was sentenced more than three years before the First Step Act was enacted. Therefore, the First Step Act's changes to the sentencing enhancements do not apply to him.

Moreover, the Sixth Circuit has held that the First Step Act is not an "extraordinary and compelling" reason to release a defendant, like Mr. Sandlain, who was sentenced prior to the Act's passage. *See United States v. McCall,* 56 F.4th 1048, 1055 (6th Cir. 2022). As the Sixth Circuit explained, "Congress expressly chose not to apply [the First Step Act's] changes to defendants sentenced before the passage of the Act[,]" thus, "[t]o hold that these changes could still amount to an extraordinary and compelling reason for relief fails to grapple with constitutional design, expressed through the text of the statute, in which Congress chose not to make certain sentencing amendments retroactive." *Id*. at 1057. After

5

all, "[i]f every defendant who received a longer sentence than the one he would receive today became eligible for compassionate release, the balance Congress struck would come to naught." *Id.* Thus, nonretroactive changes to the sentencing law "cannot supply an extraordinary and compelling reason to reduce a lawful sentence . . . ." *Id*.

The Sentencing Commission's new policy statement amending § 1B1.13, applicable to compassionate release (Amendment 814), does not overturn the Sixth Circuit's holding in *McCall* that the First Step Act is not an "extraordinary and compelling" reason for Mr. Sandlain's release. *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28, 254 (May 3, 2023) (effective November 1, 2023); U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023). The current iteration of § 1B1.13 moved the list of extraordinary and compelling reasons from the Commentary to the guidelines themselves as a new subsection (b). Mr. Sandlain relies on §1B1.13(b)(6) to support his motion that extraordinary and compelling reasons exist and warrant a reduction of his sentence. This subsection states:

> (6) UNUSUALLY LONG SENTENCE. –If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed,

and after full consideration of the defendant's individualized circumstances.

Here, Mr. Sandlain did not receive an "unusually long sentence" relative to the nature of his crimes. Mr. Sandlain pleaded guilty in a Rule 11 Plea Agreement. The Plea Agreement's anticipated guidelines were 188-235 months. The Presentence Report also calculated the guidelines to be 188-235 months. However, Mr. Sandlain's total sentence of 180 months was below the sentence anticipated in the Rule 11 Plea Agreement cannot be "unusually long."

Nor does a "gross disparity" exist between the sentence he is currently serving and the sentence likely to be imposed at the time of his compassionate release motion. This Court has already rejected in a prior order denying compassionate release Defendant's argument that an "extraordinary and compelling" reason to reduce his sentence is that if he were sentenced today, he would not be sentenced as a career offender and his guidelines would be lower based on a changed interpretation of what constitutes a "crime of violence." ECF No. 21, PageID.1438. This Court concluded that although there may be sentencing disparity created by the change in definition of a crime of violence, "the impact of the change is not "extraordinary and compelling." ECF No. 216, PageID.1439. This Court explained that based upon its discretion, Mr. Sandlain was sentenced below the career offender guideline range of 188-235 months, accordingly, the disparity was not "extraordinary and compelling" to warrant relief.

In any event, Mr. Sandlain's motion must be denied because he has not served at least 10 years of the sentence imposed for his crimes. Mr. Sandlain was committed to the BOP on June 24, 2015. He was sentenced to a term of imprisonment of 180 months. His ten-year period therefore does not expire until June 24, 2025.

Mr. Sandlain also argues he is entitled to compassionate release because he is not receiving adequate mental health care in prison. However, Mr. Sandlain's mental health issue was addressed by this Court when it considered his first motion for compassionate release. ECF No. 216, PageID.1431, 1437. In denying that motion, the court reviewed Mr. Sandlain's BOP medical records and BOP clinical encounters. The Court found that the BOP records did not indicate that mental health issues were impacting Mr. Sandlain's day-to-day behavior or health. The Court also reviewed the 2013/2014 report from Team Mental Health-Eastern Market in which Mr. Sandlain self-reported "insomnia, anger, audio hallucinations, anxiety, sadness, decrease in appetite, loss of interest, decrease in focus/concentration, and isolation at times with low energy." But those symptoms were experienced by Mr. Sandlain prior to reporting to prison upon the death of his mother, and in being released from prison after 25 years. ECF No. 216, PageID.1438. The Court noted that nothing in Mr. Sandlain's medical records substantiated "his claims of serious, untreated physical and mental illnesses to

8

satisfy the initial eligibility criteria for release." *Id*. The Court further found that Mr. Sandlain's "medical conditions do not establish that he has a diminished ability to provide self-care within the environment of a correctional facility." *Id.*

Mr. Sandlain has provided no additional evidence concerning mental health conditions or a lack of treatment for a diagnosed mental health condition. Mr. Sandlain continues to refer to a 2014 diagnosis of "unspecified personality disorder" but provides no further information as to what treatment is not being provided. Defendant has not set forth an "extraordinary and compelling" reason for a sentence reduction based on his mental health.

Finally, Mr. Sandlain's alleged rehabilitation is not an "extraordinary and compelling" reason for early release. Mr. Sandlain asserts that he has participated in BOP programming and for the last six years has had no disciplinary record. These efforts, while positive, are not particularly remarkable. *See United States v. Smith*, 614 F. Supp.3d 538, 545 (E.D. Mich. 2022) (denying compassionate release, in part, because Defendant's efforts in taking advantage of BOP programming, while commendable was not "unusually extensive or compelling."). Mr. Sandlain has not provided evidence of substantial participation in educational or vocational programs while in BOP custody. The documents he provides show that he last participated in an education program in May of 2021. ECF No. 269, PageID.1623. The information does not indicate any recent participation in work programs,

despite being in BOP custody for nine years. While he claims a lack of disciplinary history for the last six years, the lack of disciplinary history and good behavior while incarcerated is not an "extraordinary and compelling" reason for a sentence reduction. *See Mahan v. Douglas*, No. 1:22-CV-10490, 2022 WL 1735266, at *2 (E.D. Mich. Dec. 1, 2022) (finding "that behavior is expected of all inmates and is in no way exceptional."); *United States v. Mukherjee*, No. 4:4-cr-50044-1, 2022 WL 270355. At *6 (E.D. Mich. Jul. 12, 2022) (holding that "being an exemplary inmate" is not "an extraordinary and compelling reason to justify compassionate release. *See* 28 U.S.C. § 944(t) ("Rehabilitation of the defendant alone shall not be considered as extraordinary and compelling reason."). In other words, rehabilitation is what is expected; it is not extraordinary.

However, even if Mr. Sandlain could establish an "extraordinary and compelling" reason to justify a sentence reduction, the sentencing factors set forth in 18 U.S.C. § 3553(a) strongly weigh against compassionate release. *See United States v. Ruffin,* 978 F.3d 1000, 1008-09 (6th Cir. 2020) (finding that a defendant's failure to establish that the § 3553(a) factors support relief is an independent basis for denying a motion for compassionate release).

This Court previously addressed the § 3553(a) factors relevant to Mr. Sandlain when it denied his first request for compassionate release. ECF No. 216, PageID.1441. First, the Court noted that a sentencing court's "initial balancing of

the §3553 factors during [the defendant's] sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction." *Id*. (citing *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). The Court further noted that the defendant must therefore "make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *Id*. The Court analyzed the § 3553(a) factors and determined that considering the seriousness of Mr. Sandlain's crime–armed drug trafficking, Mr. Sandlain's release prior to his projected release date would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. *Id*., PageID.1442. This Court further noted that Mr. Sandlain's history of prison misconducts, his failure to complete recommended courses in his BOP Program Review and his refusal to take advantage of vocational training in the BOP demonstrates that he is not prepared to be released prior to the expiration of his imposed term of imprisonment.

    Less than two years has elapsed since this Court's § 3553(a) analysis. Mr. Sandlain has provided no additional information in his current motion to change the analysis other than participation in a 2023 BOP Life Connections Program. This is not sufficient to alleviate this Court's prior concerns that the sentence imposed, and served, reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

For all of these reasons, Defendant's motion for a sentence reduction is denied.

## IV. **CONCLUSION**

Accordingly, Defendant's Motion for Leave to File Motion for Sentence Reduction [#268] is GRANTED.

Defendant's Motion for Sentence Reduction in Light of Amendment 814 [#269] is DENIED.

Defendant's Motion Requesting Status Update on Pending Motion for Leave of Court [#271] is MOOT.

SO ORDERED.

Dated: July 29, 2024                              /s/Gershwin A. Drain
                                                  GERSHWIN A. DRAIN
                                                  United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 29, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Deputy Clerk